John W. McDANIEL, L.G. Riggs, Jerry Atchely and Jack Hartless, Appellants,

v.

The CITY OF MESQUITE, Texas, a Municipal Corporation, and the Mesquite Firemen's and Policemen's Civil Service Commission, Appellees.

No. 21028.

Court of Appeals of Texas, Dallas.

April 7, 1982.

Genice A.G. Rabe, Mullinax, Wells, Baab & Cloutman, P.C., Dallas, for appellants.

Elland Archer, Mesquite, for appellees.

Before AKIN, VANCE and WHITHAM, JJ.

AKIN, Justice.

Plaintiffs, deputy fire chiefs in the City of Mesquite, sued the City of Mesquite and the Mesquite Firemen's and Policemen's Civil Service Commission asserting that they were entitled to additional pay pursuant to Tex.Rev.Civ.Stat.Ann. art. 1269m § 8 (Vernon Supp.1982) while temporarily serving as acting Fire Chief and seeking a declaratory judgment to this effect. The case was submitted on stipulated facts to the trial judge, who denied the relief sought. Plaintiffs appeal on the ground that according to section 8 of article 1269m they should receive remuneration in accordance with the Fire Chief's base rate of pay plus their own longevity pay when they perform the duties of the Fire Chief at his request during his absences. We affirm on the ground that the article 1269m does not apply to the position of Fire Chief because it is not a classified position under the act.

Section 8 of article 1269m, entitled "Classification of Fireman and Policeman," provides:

Sec. 8. The Commission shall provide for the classification of all firemen and policemen. Such classification shall be provided by ordinance of the City Council, or legislative body. Said City Council, or legislative body, shall prescribe by ordinance the number of positions of each classification.

No classification now in existence, or that may be hereafter created in such cities, shall ever be filled except by examination held in accordance with the provi-

sions of this law. All persons in each classification shall be paid the same salary and in addition thereto be paid any longevity or seniority pay that he may be entitled to. *This shall not prevent the Head of such Department from designating some person from the next lower classification to fill a position in a higher classification temporarily, but any such person so designated by the Head of the Department shall be paid the base salary of such higher position plus his own longevity pay during the time he performs the duties thereof.* The temporary performance of the duties of any such position by a person who has not been promoted in accordance with the provisions of this Act shall never be construed to promote such person. All vacancies shall be filled by permanent appointment from eligibility lists furnished by the Commission within ninety (90) days after such vacancy occurs.

*Firemen and policemen shall be classified as above provided, and shall be under civil service protection except the Chief or Head of such Fire Department or Police Department, by whatever name he may be known.*

Said Chiefs or Department Heads shall be appointed by the Chief Executive, and confirmed by the City Council or legislative body except in cities where the Department Heads are elected. In those cities having elective Fire and Police Commissioners the appointments for Chiefs and Heads of those Deaprtments shall be made by the respective Fire or Police Commissioners in whose Department the vacancy exists, and such appointments shall be confirmed by the City Council or legislative body. [Emphasis Added]

Plaintiffs predicate their contention for additional pay on the language, "This shall not prevent the Head of such Department from designating some person from the next lower classification to fill a position in a higher position plus his own longevity pay during the time he performs the duties thereof." Thus, they argue that because the Fire Chief designates from time to time a deputy fire chief to be in charge while the Chief is out of town or on vacation a deputy chief should be paid during that time the same remuneration as that which the Chief receives. We cannot agree with this contention because the position of Fire Chief is not "a position in a higher classification" under the statute. Indeed, in the third paragraph of section 8 the legislature specifically exempted from classification and civil service protection "the Chief or Head of such fire department or police department, by whatever name he may be known." This section further provides that Chiefs or Department Heads "shall be appointed by the Chief Executive, and confirmed by the City Council or legislative body." Accordingly, we hold that § 8 applies only to classified positions and does not apply to the Fire Chief or Department head.

Indeed, a reading of the entire statute shows that its purpose was to create a civil service protection for firemen and policemen. Tex.Rev.Civ.Stat.Ann. art. 1269m § 1 (Vernon Supp.1982). Furthermore, section 2 of the act defines firemen as "any member of the Fire Department appointed to such position in substantial compliance with the provisions of section 9, 10 and 11 of this Act." Section nine concerns examination for elegibility lists; section ten pertains to the method for filling positions; and section eleven deals with certification of employees. All of these sections clearly show that the Chief or Department Head is not included within the ambit of these sections. Thus, it follows that by the language of section 2, the true position of Chief was not one of those positions defined under the statute as a "fireman." We conclude, therefore, that section 8 was not intended to apply to the present situation where a deputy fire chief may from time to time temporarily perform certain duties of the Fire Chief, but rather was intended to apply to a situation where a fireman protected by the act serves temporarily in another but higher classification under the act. Accordingly the judgment of the trial court is affirmed.